Benjamin Konop (OH Bar No. 0073458)
Benjamin.Konop@cfpb.gov
(202) 435-7265
John Thompson (NM Bar No. 139788)
John.Thompson@cfpb.gov
(202) 435-7270
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>       Petitioner,<br><br>v.<br><br>Center for Excellence in Higher Education,<br><br>       Respondent. | Case Number:  2:19cv00877 DB<br><br>**PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

## PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND
## AND SUPPORTING MEMORANDUM

Petitioner, the Bureau of Consumer Financial Protection (Bureau), seeks an order from this Court directing Respondent, the Center for Excellence in Higher Education (CEHE), to show cause why it need not comply with the Bureau's civil investigative demand (CID). The Bureau is an independent federal agency charged

1


with regulating the offering and provision of consumer-financial products and services.[1] To fulfill this purpose, the Bureau is authorized to issue a CID to any entity it has reason to believe may have information relevant to a violation of federal consumer-financial law.[2] A CID issued by the Bureau may, among other things, require the recipient to produce documents, answer interrogatories, provide written reports, and designate a witness to testify.[3]

Exercising this statutory authority, in April 2019, the Bureau issued a CID to CEHE that seeks the testimony of a CEHE representative about its private-student-loan program.[4] CEHE is a network of colleges, located and operating in Salt Lake City, Utah, with several campuses located elsewhere throughout the American West. CEHE has drawn the attention of accreditors and regulators for practices that include its operation of a private-student-loan program. The Bureau is investigating CEHE's private-student-loan program to determine whether it violated federal consumer-financial laws. The Bureau files this petition because CEHE has failed to comply with the Bureau's CID.

---

[1] 12 U.S.C. § 5491(a).
[2] 12 U.S.C. § 5562(c)(1).
[3] *Id.*
[4] Declaration of Benjamin Konop (Konop Decl.) at ¶ 6 and Ex. A.

**Jurisdiction and Venue**

The Bureau has authority under the Consumer Financial Protection Act of 2010 (CFPA) to issue CIDs and enforce them in district court.[5] When an entity refuses to comply with a CID, the CFPA authorizes the Bureau to petition the district court in "any judicial district in which [that entity] resides, is found, or transacts business" for an order to enforce the CID.[6] Because CEHE is located in and transacts business in the District of Utah, venue is proper here.

**Background**

On April 12, 2019, the Bureau issued a CID seeking the testimony of a CEHE representative at an investigational hearing scheduled for May 21 in Salt Lake City.[7] This CID sought testimony about CEHE's private-student-loan program and about litigation involving CEHE's student-loan program in which CEHE had been a party since the beginning of 2012.[8]

On April 26, as required by the Bureau's rules, the parties met and conferred by telephone to discuss and attempt to resolve all issues regarding CEHE's

---

[5] 12 U.S.C. § 5562(c)(1), (e)(1).
[6] 12 U.S.C. § 5562(e)(1).
[7] Declaration of Benjamin Konop (Konop Decl.) at ¶¶ 4-5 and Ex. A.
[8] Konop Decl. at ¶ 6 and Ex. A.

3

compliance with the CID.[9] During that call, CEHE objected that the Bureau's request was too broad because it sought information going back to 2012 and because the May 21 compliance date did not give CEHE enough time to prepare a witness.[10] In response, the Bureau rescheduled the hearing from May 21 to June 11, 2019.[11]

In later communication with the Bureau, CEHE said that it would refuse to produce a witness unless the Bureau agreed to limit the examination's scope. The Bureau did not agree to CEHE's request.[12]

On May 21, CEHE filed an administrative petition with the Bureau to modify or set aside the CID.[13] The Bureau denied the petition on August 18.[14]

After this decision, the Bureau rescheduled the hearing for October 11, 2019.[15] The Bureau also offered to narrow the scope of the hearing to address just CEHE's private-student-loan program (*i.e.*, eliminating the Bureau's request for information regarding litigation in which CEHE had been a party) if CEHE would

---

[9] Konop Decl. at ¶ 7; 12 C.F.R. § 1080.6(c).
[10] Konop Decl. at ¶ 8.
[11] Konop Decl. at ¶ 9 and Ex. B.
[12] Konop Decl. at ¶ 10.
[13] Konop Decl. at ¶ 11 and Ex. C.
[14] Konop Decl. at ¶ 12 and Ex. D.
[15] Konop Decl. at ¶ 13 and Ex. E.

promise to appear and testify as scheduled.[16] CEHE then informed the Bureau that it would not appear for the hearing without a court order.[17]

**Legal Argument**

The Tenth Circuit has recognized that administrative agencies like the Bureau have "extremely broad" authority to carry out their investigative functions.[18] Conversely, a district court's role in evaluating an enforcement request such as this one is "strictly limited."[19] An order enforcing the Bureau's CID is warranted if: (1) the CID seeks information within the scope of the agency's investigative authority; (2) the CID seeks information that is relevant to that investigation; and (3) the CID is not too indefinite or burdensome.[20] Once the court determines that each of these elements has been satisfied, it may order the respondent to show cause why the petition to enforce should not be granted.[21] The circumstances here warrant such an order.

---

[16] Konop Decl. at ¶ 13 and Ex. E.
[17] Konop Decl. at ¶ 14 and Ex. F.
[18] *Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)).
[19] *FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1977) (en banc).
[20] *See, e.g., EEOC v. Univ. of N.M.*, 504 F.2d 1296, 1302 (10th Cir. 1974).
[21] *See, e.g., FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C. Cir. 1992).

### A. The CID seeks information within the scope of the Bureau's investigative authority.

The CFPA authorizes the Bureau to issue a CID to "any person" whom the Bureau "has reason to believe . . . may be in possession, custody, or control of . . . any information, relevant to a violation."[22] The CID must "state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violation."[23] The CID issued to CEHE contained a Notification of Purpose apprising CEHE that the Bureau is investigating (1) whether it offered to extend credit or extended credit or provided other financial-advisory services and (2) whether, in the course of this activity, it misled students about the loans or signed students up for loans without their knowledge or consent.

If CEHE misled students or signed them up for loans without their knowledge or consent, those practices could constitute unfair, deceptive, or abusive acts or practices "in connection with any transaction with a consumer for a consumer financial product or service" and could violate the CFPA. The Bureau is empowered to bring enforcement actions to enforce the CFPA.[24] The Bureau's

---

[22] 12 U.S.C. § 5562(c).
[23] 12 U.S.C. § 5562(c)(2); *accord* 12 C.F.R. § 1080.5.
[24] 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

6

CID thus seeks information that is directly relevant to the law violations it is investigating and is therefore well within the scope of its investigative authority.

### B. The CID seeks relevant information about CEHE's potentially unlawful private-student-loan program.

Information and testimony sought by a CID must be reasonably relevant to the agency's investigation.[25] Relevance is broadly interpreted in the context of enforcing administrative subpoenas.[26] So long as the requested information "'touches a matter under investigation,' it will survive a relevancy challenge."[27] The agency's appraisal of relevancy must be accepted "as long as it is not obviously wrong."[28]

Here, the Bureau's CID seeks testimony from a CEHE representative about the CEHE's private-student-loan program. The Bureau is investigating, among other things, whether CEHE misled students about the true cost of its loans and whether it signed up students for loans without their knowledge or consent. Either

---

[25] *SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 514 (10th Cir. 1980).
[26] *Texaco*, 555 F.2d at 872; *see also Santa Fe Energy Prods. Co.*, 90 F.3d at 414 ("[A]n administrative agency's authority to request records and undertake other investigatory functions is extremely broad.").
[27] *Enterra Energy, LLC v. SEC*, No. 08-mc-00011, 2008 WL 802999, at *3 (N.D. Okla. March 21, 2008) (unpublished) (quoting *EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982)).
[28] *Invention Submission Corp.*, 965 F.2d at 1089 (citations omitted).

of these practices could constitute unfair, deceptive, or abusive acts or practices prohibited by the CFPA. The CID thus seeks relevant information.

### C. The CID is not too indefinite or burdensome.

A CID is sufficiently definite when "[a]ll of the categories of information are sufficiently specific to enable" the recipient of the subpoena "to understand what information the [agency] seeks."[29] Here, the CID seeks testimony on two discrete subjects—CEHE's private-student-loan programs, and litigation regarding those loan programs in which CEHE has been involved since 2012—and it identifies the CFPA's prohibition of unfair, deceptive, or abusive acts or practices as the law that CEHE potentially violated. This is specific enough for CEHE to understand the information the Bureau seeks.

In its administrative petition to modify or set aside the CID, CEHE argued that it would be too burdensome to produce a witness to testify about the details of the colleges' litigation history since 2012, and also argued that it would need more time to prepare a witness to testify about the private-student-loan programs it has offered since 2012. But CEHE originally made that argument last May in its

---

[29] *Perez v. Alegria*, No. 15-mc-401-SAC, 2015 WL 4744487, at *3 (D. Kan. June 24, 2015) (unpublished).

administrative petition, and since that time, it has had more than five additional months to prepare its witness or witnesses. Moreover, the Bureau has already made every reasonable effort to limit CEHE's compliance burden consistent with the needs of the investigation. The Bureau has set the one-day hearing in Salt Lake City, where CEHE's most likely corporate representatives are located, and it has repeatedly rescheduled the hearing date to accommodate the needs of CEHE and its counsel.

Of course, "[s]ome burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest."[30] Thus, "courts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business."[31] CEHE failed to meet that burden in its administrative petition,[32] and cannot meet that burden here. Given the limited scope of the Bureau's CID, the fact that the CID requires only one day of testimony from one individual, and the fact that the Bureau has made every reasonable effort to ease CEHE's compliance burden already, the CID is not unduly burdensome.

---

[30] *Texaco*, 555 F.2d at 882.
[31] *Id.*
[32] Konop Decl. at ¶ 12 and Ex. D.

Because the Bureau's CID is within the Bureau's investigative authority, seeks relevant information, and is not too indefinite or burdensome, the Court should order CEHE to show cause why it has not complied.

**Demand for Relief**

The Bureau respectfully asks that this Court:

1. order CEHE to show cause in writing why it should not be required to comply with the Bureau's April 12, 2019 CID, as modified by the Bureau's letter of May 1, 2019;

2. enter an order directing CEHE to fully comply with the CID by producing a witness or witnesses to testify on each topic of examination no more than 14 days after entry of the order;

3. award the Bureau the costs it incurred in maintaining this action; and

4. grant such other relief as this Court deems just and proper.

Respectfully submitted,

Cara Petersen
*Acting Enforcement Director*
Jeffrey Paul Ehrlich
*Acting Principal Deputy Enforcement Director*
Michael G. Salemi
*Acting Deputy Enforcement Director*
Owen Martikan
*Assistant Litigation Deputy*

s/ Benjamin Konop
Benjamin Konop (OH Bar No. 0073458)

Telephone: (202) 435-7265
E-mail: benjamin.konop@cfpb.gov
John Thompson (NM Bar No. 139788)
Telephone: (202) 435-7270
E-mail: john.thompson@cfpb.gov
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-5477
*Attorneys for Petitioner Bureau of Consumer Financial Protection*