Paul W. Shakespear (14113)
SNELL & WILMER (UT)
15 W. South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Email: pshakespear@swlaw.com

Steven M. Gombos (*pro hac vice*)
David A. Obuchowicz (*pro hac vice*)
Jacob C. Shorter (*pro hac vice*)
GOMBOS LEYTON, P.C.
11350 Random Hills Road
Suite 400
Fairfax, VA 22030
Telephone: (703) 934-2660
Email: sgombos@glpclaw.com
       dobuchowicz@glpclaw.com
       jshorter@glpclaw.com

Attorneys for Respondent Center for Excellence in Higher Education, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Petitioner,<br><br>vs.<br><br>CENTER FOR EXCELLENCE IN HIGHER EDUCATION,<br><br>Respondent. | NOTICE OF SUPPLEMENTAL AUTHORITY<br><br>CASE NO. 2:19-CV-00877-DB-CMR<br><br>JUDGE DEE BENSON<br><br>MAGISTRATE JUDGE CECILIA M. ROMERO |

## Notice of Supplemental Authority

Yesterday the Supreme Court issued its opinion in *Seila Law v. CFPB*, No. 19-7, 591 U.S. ___ (2020). Writing for the Court, Chief Justice Roberts explained that the CFPB's structure violates the Constitution's separation of powers and "inflicts a 'here-and-now' injury" on parties subject to CFPB enforcement proceedings—like this one involving Center for Excellence in Higher Education. Slip Op. at 10 (attached).

Aside from holding the removal provision severable from the statute creating the CFPB, the Court did not resolve the remedy question. Chief Justice Roberts noted that Seila Law sought a "straightforward remedy." *Id.* at 31. It asked the Court to deny the petition to enforce the CID and dismiss the case, as CEHE does here. But unlike this case, the CFPB asserted in *Seila Law* that the CID **had already been ratified** by a removable CFPB Director. Although "initially issued by a Director unconstitutionally insulated from removal," the CFPB argued the CID "can still be enforced on remand because it has since been ratified by an Acting Director Accountable to the President." *Id.* But that raised "case-specific factual and legal questions" the parties had not briefed—specifically, whether the alleged ratification had occurred and, if so, whether it legally cured "the constitutional defect in the original demand." *Id.* (remanding to the circuit court to consider the legal remedy).

Not so here. This case instead falls squarely under *FEC v. NRA Political Victory Fund*, 6 F.3d 821 (D.C. Cir. 1993). CFPB's unconstitutional structure "inflicts a

1

here-and-now injury" that courts can remedy. *Seila Law* at 10; *NRA Political Victory Fund*, 6 F.3d at 828. And unlike *Seila Law* or *FEC v. LegiTech* (on which CFPB relied during the June 19 hearing) there are no case-specific factual or legal questions left to be resolved. This Court has not been asked to consider whether a prior ratification cured the constitutional defect. No prior ratification exists.

CFPB instead asks this Court to look the other way as it goes on inflicting its "here-and-now injury" on CEHE on the possibility the Director **might** ratify this enforcement proceeding. But the CFPB "lacks authority to bring this enforcement action because its [structure] violates the Constitution's separation of powers." *NRA Political Victory Fund*, 6 F.3d at 822. Simply put, CFPB's actions to date in this proceeding violate the Constitution. It now asks this Court to ignore that fact. As the court in *NRA Political Victory Fund* confirmed, however, there is "no theory that would permit [the Court] to declare the [CFPB's] structure unconstitutional without providing relief to the appellants in this case." 6 F. 3d at 828.

Because the Supreme Court has held CFPB's structure unconstitutional and there is no live question whether CFPB's ratification cured that defect (because no ratification exists), this Court must deny the CID and dismiss the case.

Dated: June 30, 2020

SNELL & WILMER L.L.P.

_____
Paul W. Shakespear

GOMBOS LEYTON, P.C.

 /s/ Jacob C. Shorter

2

Steven M. Gombos
David A. Obuchowicz
Jacob C. Shorter

*Counsel for Respondent Center for Excellence in Higher Education, Inc.*

## Certificate of Service

I HEREBY CERTIFY that on June 30, 2020, I served the foregoing document via the court's CM/ECF electronic filing system to all counsel of record, including the following:

Benjamin Konop (benjamin.konop@cfpb.gov)
John Thompson (john.thompson@cfpb.gov)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

*Counsel for Petitioner Consumer Financial Protection Bureau*

/s/ Jacob C. Shorter
Jacob C. Shorter

4