Benjamin Konop (OH Bar No. 0073458)
Benjamin.Konop@cfpb.gov
(202) 435-7265
John Thompson (NM Bar No. 139788)
John.Thompson@cfpb.gov
(202) 435-7270
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>               Petitioner,<br><br>               v.<br><br>Center for Excellence in Higher Education,<br><br>               Respondent. | Case No.: 2:19-cv-00877-DB-CMR<br><br>**PETITIONER'S NOTICE OF RATIFICATION AND RESPONSE TO RESPONDENT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

In the wake of the Supreme Court's decision in *Seila Law LLC v. CFPB*, No. 19-7, 2020 WL 3492641 (U.S. June 29, 2020), the Director of the Bureau of Consumer Financial Protection (Bureau) has considered the basis for the Bureau's decision to issue the civil investigative demand to Respondent Center for Excellence in Higher Education (CEHE), to deny CEHE's request to modify or set

1

aside the CID, and to file a petition requesting this Court to enforce the CID. She has now ratified those decisions. The Director's Declaration of Ratification is attached as Exhibit A. The Bureau thus requests that the Court enforce its CID to CEHE without further delay.

In *Seila Law,* the Supreme Court held that the Bureau's "leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers." Slip op. at 11. With respect to remedy, the Court held that 12 U.S.C. § 5491(c)(3) – the provision in the Consumer Financial Protection Act (CFPA) that purported to limit the President's ability to remove the Bureau's Director – is severable from the remainder of the Act. Slip op. at 36 (Roberts, C.J.); *see also* slip op. at 37 (Kagan, J., concurring in judgment with respect to severability and dissenting in part). This holding fully resolves the constitutional, problem with the Bureau's structure because, as the Court explained, the Director's insulation was "the only constitutional defect" the Court found in the Bureau's structure – a defect that "disappear[s]" once the Director is "removable at will by the President." Slip op. at 32. In short, "[t]he agency may . . . continue to operate" with a Director who is "removable by the President at will." *Id.* at 3.

CEHE's June 30 Notice of Supplemental Authority suggests that ratification is insufficient – that only dismissal will remedy the injury it suffered. If this

argument were correct, then virtually every action brought by the Bureau since the arrival of its current Director would be subject to immediate dismissal. But there is no support for this argument in the *Seila Law* decision. Indeed, the Court explicitly declined to reach this issue when it said that "whether and when the temporary involvement of an unconstitutionally insulated officer in an otherwise valid prosecution requires dismissal falls outside the questions presented, has not been fully briefed, and is best resolved by the lower courts in the first instance." *Id.* at 31 & n.12.

Now that the Supreme Court has issued its decision, and the Bureau's Director has issued her ratification, the Bureau may proceed with its investigation under the leadership of a Director who is fully accountable to the President. Indeed, as a result of the ratification, the situation here is congruent with the situation in *FEC v. Legi-Tech, Inc.*, 75 F.3d 704 (D.C. Cir. 1996). In that case, the court refused to dismiss the FEC's action against Legi-Tech because, after the FEC's structure had been held unconstitutional and the agency had been restructured, it ratified the steps it had already taken in its action against Legi-Tech. That is, the court held that a post hoc ratification cured any injury that Legi-Tech had suffered as a result of the original constitutional defect. The same is true here – ratification by the Bureau's Director cures any injury that CEHE suffered as

a result of the Bureau's structure. *See also CFPB v. Gordon*, 819 F.3d 1179, 1190-92 (9th Cir. 2016) (refusing to dismiss enforcement action initially approved by unconstitutionally appointed official because properly appointed official later ratified the action, and that "cures any Article II deficiencies").

For the reasons set forth above, as well as in the Bureau's Petition to Enforce the CID, and Reply in support thereof, this Court should reject CEHE's request to dismiss this proceeding and should enforce the Bureau's CID.

Dated: July 2, 2020

Respectfully submitted,

Thomas G. Ward
*Enforcement Director*

Jeffrey Paul Ehrlich
*Deputy Enforcement Director*

Owen Martikan
*Assistant Litigation Deputy*

s/ Benjamin Konop
Benjamin Konop (OH Bar No. 0073458)
Telephone: (202) 435-7265
E-mail: benjamin.konop@cfpb.gov

John Thompson (NM Bar No. 139788)
Telephone: (202) 435-7270
E-mail: john.thompson@cfpb.gov

Bureau of Consumer Financial Protection
1700 G Street, NW

Washington, DC 20552
Facsimile: (202) 435-5477
*Attorneys for Petitioner Bureau of Consumer
Financial Protection*

## Certificate of Service

I hereby certify that on July 2, 2020, I served the foregoing document via the court's CM/ECF electronic filing system to all counsel of record, including the following:

Paul W. Shakespear pshakespear@swlaw.com
Steven M. Gombos gombos@glpclaw.com
David A. Obuchowicz dobuchowicz@glpclaw.com
Jacob C. Shorter jshorter@glapclaw.com

s/ Benjamin Konop
Benjamin Konop
Attorney for Petitioner
