Benjamin Konop (OH Bar No. 0073458)
Benjamin.Konop@cfpb.gov
(202) 435-7265
John Thompson (NM Bar No. 139788)
John.Thompson@cfpb.gov
(202) 435-7270
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Petitioner,<br><br>v.<br><br>Center for Excellence in Higher Education,<br><br>Respondent. | Case No.: 2:19-cv-00877-RJS-CMR<br><br>**PETITIONER'S THIRD NOTICE OF RECENT AUTHORITY** |

The Bureau of Consumer Financial Protection submits this Third Notice of Recent Authority to inform the Court of additional recent authority relevant to the parties' arguments about ratification, which this Court considered during oral argument on June 19, 2020, and that are raised in Respondent's Notice of Supplemental Authority (Dkt. 33).

1

As the Court is aware, the Supreme Court, after holding invalid the for-cause removal provision in the Bureau's statute in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), remanded the case for the Ninth Circuit to determine whether the Bureau had validly ratified the civil investigative demand (CID) in that case. This week, the Ninth Circuit confirmed that the Bureau validly ratified the CID and held that such ratification "remedies any constitutional injury that Seila Law may have suffered due to the manner in which the CFPB was originally structured." *CFPB v. Seila Law LLC*, No. 17-56324, 2020 WL 7705549, at *2 (9th Cir. Dec. 29, 2020). The court therefore ordered that the CID be enforced. The decision is attached as Exhibit 1.

In reaching that conclusion, the Ninth Circuit explained that "Seila Law's only cognizable injury arose from the fact that the agency issued the CID and pursued its enforcement while headed by a Director who was improperly insulated from the President's removal authority." *Id.* That concern was fully "resolved" by the Director's decision to ratify the action on behalf of the Bureau once she was indisputably removable at will by the President. *Id.*

Seila Law had argued that the Bureau could not ratify its ongoing enforcement actions "because the agency lacked the authority to take those actions [initially]," rendering them "void at the time they were taken." *Id.* The Ninth

2

Circuit squarely rejected that argument. It explained that, just as with the Appointments Clause problem at issue in *CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016), the constitutional problem with the removal restriction "relates to the Director alone, not to the legality of the agency itself." *Seila Law*, 2020 WL 7705549, at *3. "Nothing in the [Supreme] Court's decision suggests that it believed this defect rendered all of the agency's prior actions void." *Id.* The Ninth Circuit thus confirmed that "ratification is available to cure both Appointments Clause defects and structural, separation-of-powers defects." *Id.*

Dated: December 30, 2020

Respectfully submitted,

Thomas G. Ward
*Enforcement Director*
Jeffrey Paul Ehrlich
*Deputy Enforcement Director*

Owen Martikan
*Assistant Litigation Deputy*

s/ Benjamin Konop
Benjamin Konop (OH Bar No. 0073458)
Telephone: (202) 435-7265
E-mail: benjamin.konop@cfpb.gov

John Thompson (NM Bar No. 139788)
Telephone: (202) 435-7270
E-mail: john.thompson@cfpb.gov

Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-5477
*Attorneys for Petitioner Bureau of Consumer Financial Protection*

## Certificate of Service

I hereby certify that on December 30, 2020, I served the foregoing document via the court's CM/ECF electronic filing system to all counsel of record, including the following:

Paul W. Shakespear pshakespear@swlaw.com
Steven M. Gombos gombos@glpclaw.com
David A. Obuchowicz dobuchowicz@glpclaw.com
Jacob C. Shorter jshorter@glapclaw.com

s/ Benjamin Konop
Benjamin Konop
Attorney for Petitioner
