Benjamin Konop (OH Bar No. 0073458)
Benjamin.Konop@cfpb.gov
(202) 435-7265
John Thompson (NM Bar No. 139788)
John.Thompson@cfpb.gov
(202) 435-7270
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>            Petitioner,<br><br>v.<br><br>Center for Excellence in Higher Education,<br><br>            Respondent. | Case No.: 2:19-cv-00877-DB-CMR<br><br>**PETITIONER'S FOURTH NOTICE OF RECENT AUTHORITY** |

Petitioner Bureau of Consumer Financial Protection (Bureau or CFPB) submits this Notice to inform this Court of the Supreme Court's decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). In their September 10, 2020, Notice of Supplemental Authority (Doc. 37), Respondent urged this Court to hold the Bureau's Petition to Enforce Civil Investigative Demand in abeyance pending the

1

Supreme Court's decision in *Collins*. The decision in *Collins* completely undercuts Respondent's argument that the Consumer Financial Protection Act's (CFPA) for-cause removal provision renders the Bureau's civil investigative demand (CID) unenforceable. This Court may now address Respondent's remaining arguments regarding the scope of the CID and thereby resolve the Bureau's Petition.

In *Collins*, the petitioners alleged that actions taken by the Federal Housing Finance Agency (FHFA) were invalid because the FHFA's enabling statute purported to limit the President's authority to remove the FHFA's Director. 141 S. Ct. at 1770. The Supreme Court, relying on *Seila Law LLC v. CFPB*, 140 S. Ct. 1082 (2020), agreed that the removal limitation was unconstitutional, 141 S. Ct. at 1783–87, but rejected the petitioners' argument that, as a result of the constitutional problem, the FHFA's actions were void ab initio, *id.* at 1787. "All the officers who headed the FHFA during the time in question were properly *appointed*." *Id.* (emphasis in original). As a result, "there is no basis for concluding that any head of the FHFA lacked the authority to carry out the functions of the office," and "there is no reason to regard any of the actions taken by the FHFA … as void." *Id*. at 1787–88. Indeed, the Court characterized petitioners' request for the wholesale invalidation of the FHFA's actions as "neither logical nor supported by precedent." *Id.*

2

Thus, *Collins* rejects Respondent's contention that, because of the CFPA's for-cause removal provision, the Bureau's Petition should be dismissed. *See* Dkt. No. 16 at 12. The Bureau filed the Petition on November 8, 2019. At that time, the Bureau was headed by Director Kathleen Kraninger. As required by the CFPA, Director Kraninger had been appointed by the President and confirmed by the Senate. Because she had been properly appointed as Director, "there is no basis for concluding" that she "lacked the authority to carry out the functions of the office." *See* 141 S. Ct. at 1788. Further, "there is no reason to regard any of the actions taken by the [Bureau] … as void." *See id.* at 1787. Issuance of the CID, and the Bureau's Petition to enforce the CID pending before this Court, are such actions.

Respondent relies on *FEC v. NRA Political Victory Fund*, 6 F.3d 821 (D.C. Cir. 1993), and *Lucia v. SEC*, 138 S. Ct. 2044 (2018), to argue that it is entitled to dismissal of the Bureau's Petition as an "incentive" for having challenged the constitutionality of the CFPA's for-cause removal provision. Dkt. No. 16 at 11. But that would run "contrary to usual remedial principles" because it would put Respondent "in a better position than if no constitutional violation had occurred." *See* 141 S. Ct. at 1801 (Kagan, J., concurring regarding remedy) (internal quotation marks omitted). *Collins* also explains that those who challenge for-cause removal provisions can draw no support from cases addressing the Appointments Clause or

3

other separation-of-powers violations – *i.e.*, the cases that Respondent relies on – because those cases "involved a Government actor's exercise of power that the actor did not lawfully possess." 141 S. Ct. at 1788. Thus, the Bureau possessed the authority to issue the CID to Respondent.

*Collins* further held that a challenger contesting an unconstitutional removal restriction could obtain relief only if that restriction actually caused some harm. 141 S. Ct. at 1788–89. That is, relief is appropriate "only when the President's inability to fire an agency head affected the complained-of decision." *Id*. at 1801. In this case, for example, relief might be appropriate if there were evidence that the President was unhappy with the Bureau's pursuit of its investigation of Respondent and would therefore have ordered the Director to stand down but for the CFPA's for-cause removal provision. *See* 141 S. Ct. at 1788–89. There is no such evidence. Quite the opposite: On July 1, 2020, after the Court's decision in *Seila Law* that made clear the Bureau's Director was fully accountable to the President, Director Kraninger ratified the decisions to issue the CID to Respondent and to file the Petition initiating this enforcement proceeding. *See* Dkt. No. 34-1 at 2. That ratification – along with the fact that the Bureau has pursued this case under the leadership of not only Director Kraninger, but also the Bureau's current Acting Director David Uejio, both of whom have been removable by the President at will

4

– confirms that the removal restriction has had no impact on the Bureau's pursuit of this action.

Dated: July 9, 2021

Respectfully submitted,

Cara Petersen
*Acting Enforcement Director*
Jeffrey Paul Ehrlich
*Deputy Enforcement Director*
Owen Martikan
*Assistant Litigation Deputy*

s/ Benjamin Konop
Benjamin Konop (OH Bar No. 0073458)
Telephone: (202) 435-7265
E-mail: benjamin.konop@cfpb.gov
John Thompson (NM Bar No. 139788)
Telephone: (202) 435-7270
E-mail: john.thompson@cfpb.gov

Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Facsimile: 1-844-826-5016
*Attorneys for Petitioner Bureau of Consumer Financial Protection*

## Certificate of Service

I hereby certify that on July 9, 2021, I served the foregoing document via the court's CM/ECF electronic filing system to all counsel of record, including the following:

Paul W. Shakespear pshakespear@swlaw.com
Steven M. Gombos gombos@glpclaw.com
David A. Obuchowicz dobuchowicz@glpclaw.com
Jacob C. Shorter jshorter@glapclaw.com

<u>s/ Benjamin Konop</u>
Benjamin Konop
Attorney for Petitioner