IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVSION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>      Petitioner,<br>v.<br><br>CENTER FOR EXCELLENCE IN HIGHER EDUCATION,<br><br>      Respondent. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00877-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court is Petitioner Bureau of Consumer Financial Protection's (Petitioner or Bureau) Petition to Enforce Civil Investigative Demand (CID) against Respondent, Center for Excellence in Higher Education (Respondent or CEHE) (Petition) (ECF 2). Respondent seeks an order denying the Bureau's Petition or, in the alternative, an order from the court modifying the scope of the current CID from the current seven-year scope to a two-year scope (ECF 16). Having carefully considered the relevant filings, the undersigned recommends the Petition to Enforce Civil Investigative Demand be GRANTED IN PART and DENIED IN PART as set forth below.

### I. FACTUAL BACKGROUND

The Bureau is an Executive agency charged with "regulat[ing] the offering and provision of consumer financial products or services under the Federal consumer financial laws." 12 U.S.C. § 5491(a). The Bureau may issue a CID whenever it "has reason to believe that any person may be in possession, custody, or control of any documentary material or tangible things, or may have information, relevant to a violation." *Id*. § 5562(c)(1). A CID may require the recipient to give

1

oral testimony, produce documents for inspection, file written reports or answers to questions, etc. *See id.* CEHE is a private, non-profit organization that operates multiple institutions of higher education (ECF 16). CEHE consists of fifteen physical campuses and one online college (*Id.*). As a way to finance education for students, CEHE offers a private financing program referred to as an EduPlan loan (*Id.*). The Bureau seeks to investigate CEHE's private-student-loan program to determine whether CEHE violated federal consumer-financial laws (ECF 2).

In December 2012 and September 2013, the Colorado Attorney General (COAG) served two subpoenas on CEHE seeking records pertaining to CEHE's educational programs, financial aid availability, private financing options, and other aspects of CEHE's school program dating back to 2006 up until the close of evidence in November 2017 (ECF 16). After two years of investigation, in December 2014, the COAG served CEHE with a complaint alleging violations of Colorado's Consumer Protection Act and the Colorado Uniform Consumer Credit Code (ECF 16). During the ensuing litigation, CEHE produced "hundreds of thousands of pages of documents in discovery" including over fifty depositions (ECF 16 at 4). The result was a four-week bench trial from October 16 to November 9, 2017, which included forty-eight witnesses and 366 exhibits (ECF 16).[1] During the course of litigation, the Colorado State Court issued sanctions to the COAG due to COAG's violation of a sealing order in which it shared sealed documents with the Bureau (ECF 2-3; 16).

On April 12, 2019, the Bureau issued a CID seeking the testimony of a CEHE representative at a hearing scheduled for May 21, 2019, in Salt Lake City, Utah (ECF 2). The Bureau sought testimony about (1) CEHE's private-student-loan program and (2) litigation involving CEHE's student-loan program in which CEHE had been a party since the beginning of

---

[1] The court is not currently aware of any final decision regarding this matter.

2012 (*Id.*). When the parties met and conferred by telephone to discuss the CID on April 26, 2019, CEHE objected to the CID, stating that it was too broad because it sought testimony about every aspect of CEHE's loan programs, other forms of financial assistance, and tuition-payment plans to prospective students, and litigation in which CEHE had been a party since 2012 (*Id.*). Additionally, CEHE asserted that the May 21, 2019, compliance date did not give CEHE enough time to prepare a witness (*Id.*). In response, the Bureau rescheduled the May 21, 2019, hearing to June 11, 2019 (*Id.*).

On May 14, 2019, the parties met again and CEHE requested more information from the Bureau about the CID (ECF 16). The Bureau refused to provide any information about dates of alleged complaints that it had received based on CEHE's loan programs (*Id.*). The Bureau asserted that it had access to a hidden complaint database which CEHE would not be allowed to review (*Id.*). On May 21, 2019, CEHE filed an administrative petition with the Bureau to modify or set aside the CID (ECF 2). On August 18, 2019, the Bureau denied the CEHE's petition (*Id.*). The Bureau then rescheduled the hearing for October 19, 2019 (*Id.*). The Bureau asserts that it offered to narrow the scope of the hearing by eliminating the Bureau's request for information regarding any litigation in which CEHE had been a party to address only CEHE's private-student-loan program on the condition that CEHE promise to appear and testify as scheduled (*Id.*). CEHE informed the Bureau that it would not appear for the hearing without a court order (*Id.*).

## II.   PROCEDURAL BACKGROUND

The Bureau filed the instant Petition on November 8, 2019 (ECF 2). On December 12, 2019, CEHE filed its response (ECF 16). On June 19, 2020, this court conducted a hearing on the Petition and took the matter under advisement (ECF 32). Following the hearing, CEHE submitted a Notice of Supplemental Authority citing *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2197 (2020), a recent Supreme Court case where the Bureau's structure was found

unconstitutional (ECF 33).  In response, the Bureau filed a Notice of Ratification and Response to CEHE's supplemental authority (ECF 34).  Additionally, the Bureau has filed five Notices of Recent Authority, updating the court on developments in the law (ECF 35, 39, 42, 43, 45).  CEHE also submitted an Addendum to Notice of Recent Authority (ECF 36).

### III.   LEGAL STANDARD

"Whenever any person fails to comply with any civil investigative demand duly served upon him … or whenever satisfactory copying or reproduction of material requested pursuant to the demand cannot be accomplished and such person refuses to surrender such material, the Bureau … may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section." 12 U.S.C. § 5562(e)(2).  "[A]n administrative agency's authority to request records and undertake other investigatory functions is extremely broad." *Santa Fe Energy Prod. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950)).

However, it is not without bounds.  "[A] governmental investigation of corporate matters may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power." *Morton Salt Co.*, 338 U.S. at 652.  "The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable." *Id.* at 652–53 (quoting *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208 (1946)).  The administrative agency must show that the inquiry is "within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *Id.*  Such determinations "cannot be reduced to formula; for relevancy and adequacy or excess in the breadth of the subpoena are matters variable in relation to the nature, purposes and scope of the inquiry." *Oklahoma Press Pub. Co.*, 327 U.S. at 209.  If the agency satisfies this initial burden of proof, "the

burden shifts to the respondent 'to show cause why it should not be compelled to comply with the subpoena.'" *Fed. Trade Comm'n v. Complete Merch. Sols., LLC*, No. 219CV00996HCNEJF, 2020 WL 2059847, at *2 (D. Utah Apr. 28, 2020).

### IV. DISCUSSION

1. **The Bureau's initial burden**

    a. <u>The CID is within the authority of the Bureau.</u>

The Bureau's asserted purpose in issuing the CID to CEHE was investigating "(1) whether it offered to extend credit or extended credit or provided other financial-advisory services and (2) whether…it misled students about the loans or signed students up for loans without their knowledge or consent" (ECF 2). The Bureau argues that such practices could constitute unfair, deceptive, or abusive acts that could violate the Consumer Financial Protection Act, 12 U.S.C. § 5567 (CFPA) (*Id.*). The Bureau asserts its enforcement authority to bring actions to enforce the CFPA. CEHE argues that the Bureau is unconstitutionally structured and consequentially lacks the authority to enforce its CID. CEHE contends that the CFPA violates the separation of powers by conferring substantial executive powers on the Bureau's Director without subjecting the Director to Presidential control in the way of removal at will (ECF 16). In the alternative, CEHE requested that this court stay its ruling until the Supreme Court decided *Seila Law*.

The Supreme Court made its ruling in the *Seila Law* case on June 29, 2020. In *Seila Law*, the Supreme Court held that "the [Bureau's] leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers." *Seila*, 140 S. Ct. at 2197. While unconstitutional, the Court held that the Director's removal provision was severable from the rest of the CFPA. *Id.* at 2211. Accordingly, the Court held that the Bureau may continue to exist and operate. *Id.* at 2192, 2207. Following the *Seila Law* decision, the Director of the Bureau,

Kathleen Kraninger, reconsidered the Bureau's basis for the CID issued to CEHE and ratified its enforcement (ECF 34, 34-1).

The Bureau relies on supplemental authority in arguing that the Director of the Bureau can ratify CIDs that were issued before the Supreme Court held that the Bureau was unconstitutionally structured. *See Consumer Fin. Prot. Bureau v. Seila L. LLC*, 997 F.3d 837, 846 (9th Cir. 2021) (holding that "Director Kraninger's ratification remedies any constitutional injury that [the defendant] may have suffered due to the manner in which the [Bureau] was originally structured"); *Bureau of Consumer Fin. Prot. v. Chou Team Realty LLC*, No. SACV2043JVSADSX, 2020 WL 5540179, at *3 (C.D. Cal. Aug. 21, 2020) ("Any constitutional deficiency regarding the removability issue at the time the Complaint was filed was cured by the Supreme Court severing the removal provision from the rest of the organic statute, coupled with the Director's July 9 ratification of the action."); *Collins v. Yellen*, 141 S. Ct. 1761, 1787 (2021) (rejecting the argument that the Director of an agency found to be unconstitutionally structured lacked authority and that their actions were void *ab initio*).[2]

The law is now well-settled that a director of an agency found to be unconstitutionally structured can ratify a decision made prior to the finding of unconstitutionality after the agency is restructured. Therefore, the court concludes the CID in this case was within the authority of the Bureau after it was reassessed and ratified by the Director following the *Seila Law* decision.

---

[2] Following the *Seila Law* decision, CEHE filed a Notice of Supplemental Authority requesting that this court stay this case until the Supreme Court decided the *Collins* case which addressed what the appropriate remedy is for the Bureau's constitutional defect recognized in *Seila Law* (ECF 37). *See Collins v. Yellen*, 141 S. Ct. 1761 (2021). On June 23, 2021, the Supreme Court decided *Collins*, holding that actions taken by the Federal Housing Finance Agency, when it was headed by a single Director who could be removed by the President only for cause, were not void.

b. <u>The information sought is reasonably relevant.</u>

The burden of showing that an agency inquiry is unreasonable is not easily met where "the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose." *FTC v. Texaco, Inc.* 555 F.2d 862, 882 (D.C. Cir. 1977). "Broadness alone is not sufficient justification to refuse enforcement of a subpoena." *Id.* An agency has the power to "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Morton Salt Co.*, 338 U.S. at 644–43.

The Bureau argues that the CID it issued seeks relevant information about CEHE's potentially unlawful private-student-loan program. The Bureau's purpose in issuing the CID was to investigate whether CEHE misled students about the cost of its loans and whether it signed students up for loans without their knowledge or consent. The Bureau asserts that either or both of those practices would constitute conduct prohibited by the CFPA. CEHE argues that the information requested in the CID is not reasonably relevant. CEHE reasons that much of the information that the Bureau requests has already been received by the COAG. CEHE asserts that it is thus unreasonable to force it to have to testify and relitigate similar claims.

The court finds that for the purposes of the Bureau's initial burden, this information is relevant to the Bureau's investigation into CEHE. The court will address CEHE's arguments pertaining to the burden imposed on CEHE below.

c. <u>The demand is not too indefinite.</u>

A demand is not too indefinite when "[a]ll of the categories of information are sufficiently specific to enable [the respondent] to understand what information [the agency] seeks. *Perez v. Alegria*, No. 15-MC-401-SAC, 2015 WL 4744487, at *3 (D. Kan. June 24, 2015), *report and recommendation adopted*, No. 15-MC-401-SAC, 2015 WL 4744480 (D. Kan. Aug. 11, 2015). A CID satisfies this element when it "clearly identifies the information and documents sought."

7

*Complete Merch. Sols., LLC*, 2020 WL 2059847, at *4 (citing *Resolution Tr. Corp. v. Greif*, 906 F. Supp. 1446, 1452 (D. Kan. 1995) (holding that an administrative subpoena is "sufficiently definite" when it contains a "description of the documents so that a person can in good faith understand which documents must be produced")). The subpoena must not be "excessive" in its specification of documents "for the purposes of the relevant inquiry." *Greif*, 906 F. Supp. at 1451 (quoting *Oklahoma Press Pub. Co.*, 327 U.S. at 209). Additionally, "the subpoena must not be so broad that compliance with its terms is unduly burdensome." *Id.* at 1452 (citing *In re Corrado Bros.*, 367 F. Supp. 1126 (D. Del. 1973)).

The Bureau seeks testimony on two subjects, (1) CEHE's private-student-loan programs and (2) litigation regarding those loan programs in which CEHE has been involved since 2012. The Bureau asserts that this information is specific enough for CEHE to understand what information the Bureau seeks. CEHE asserts that the CID is too indefinite. CEHE argues that the Bureau has specific information in mind and should tailor its discovery requests accordingly.

The court again finds that the Bureau has met its initial burden of showing that the demand is not too indefinite by specifying the two subjects requested. The court will address CEHE's arguments relating to the scope of the information requested below.

2.      **Objections to Enforcement**

Although there is no binding authority in the Tenth Circuit, the District of Kansas has held that a court will enforce the agency's subpoena once it has satisfied its burden unless the respondent can show (1) "the subpoena is overly broad or burdensome;" or (2) "that enforcement would constitute an abuse of the court's process." *Alegria*, 2015 WL 4744487, at *2 (quoting *Martin v. Gard*, 811 F. Supp. 616, 620 (D. Kan. 1993)).

      a.      <u>CEHE has not sufficiently shown that the CID is overly broad.</u>

CEHE asks this court to limit the CID's temporal scope to the time following the close of evidence in litigation brought by the COAG against CEHE (ECF 16).  CEHE's main argument is that the Bureau is attempting to investigate claims that the COAG already litigated.  CEHE argues that under 12 U.S.C. § 5552, Congress has given state attorneys general the power to pursue federal consumer financial protection claims in state court.  Because the COAG already investigated and litigated the same issues raised in the Bureau's CID, CEHE claims that it is unreasonable for the Bureau to reinvestigate the same conduct, over the same period, for the same alleged violations. Additionally, CEHE argues that the Bureau's authority is limited to investigating potential violations of the law, which is not permissible here because the COAG fully litigated any violation of the law.  CEHE asserts that the Bureau must provide a reasonable basis for the new issuance of its CID before CEHE is required to incur the additional time and expense to defend itself.

In support of its position, CEHE cites only to a dissenting opinion in the D.C. Circuit and a Second Circuit case involving Maritime Law.  As set forth previously, the Bureau has broad authority in issuing CIDs.  *See Santa Fe Energy Prod. Co.*, 90 F.3d at 414.  Even though the COAG litigated similar claims that the Bureau now seeks to investigate, the COAG brought the suits under state law.  Here, the Bureau has sufficiently pled federal jurisdiction under 12 U.S.C.§ 5562(e)(1). While CEHE claims that the Bureau's authority is limited to investigating potential violations of the law, the Supreme Court has held that agencies have power to investigate purely because they want assurance that the law is not being violated.  *See Morton Salt Co.*, 338 U.S. at 644–43. CEHE's assertions that the Bureau must provide additional information is not mandated by Congress or supported by case law.  Therefore, the court rejects CEHE's argument that the Bureau's CID does not justify the burden to CEHE due to its scope.

9

    b.  <u>CEHE has showed that the CID is overly burdensome.</u>

"The burden of showing that the request is unreasonable is on the subpoenaed party." *Complete Merch. Sols., LLC*, 2020 WL 2059847, at *11 (quoting *Texaco*, 555 F.2d at 882). CEHE argues that (1) the Bureau's interest in investigating a seven-year period is low and (2) forcing CEHE to testify about seven years of policies and practices is overly burdensome. CEHE maintains that there is already a sufficient record of litigation in which CEHE has been involved stemming from the COAG suit. Additionally, CEHE states that the Bureau has not offered any justification for the seven-year period its CID requires. It asserts that any violations occurring seven years ago would be time-barred. CEHE agrees to submit to the CID to the extent the Bureau seeks information regarding events occurring *after* the Colorado litigation. CEHE asserts that the enforcement of this CID would be unreasonable in that its CEO, Eric Juhlin, would have to prepare extensively, which would cause substantial disruptions to business operations.

  The court emphasizes that "[s]ome burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *Texaco*, 555 F.2d at 882. In the Petition, the Bureau claims that it offered to narrow the scope of the hearing to address only CEHE's private-student-loan program on the condition that CEHE promise to appear and testify as scheduled (ECF 2). Narrowing the scope in this way would essentially eliminate the Bureau's request for information regarding litigation in which CEHE had been a party (ECF 2). The court finds that this is an equitable solution for both parties. CEHE has now had multiple years to prepare witnesses for deposition and should not be unduly burdened to answer questions regarding its own private-student-loan program. Therefore, removing the question of information regarding litigation in which CEHE had been a party should give the Bureau the information it needs without subjecting CEHE to any undue burden.

      c.      <u>Enforcement of the Bureau's CID would not constitute an abuse of process.</u>

Finally, CEHE argues that the Bureau's CID was issued for an improper purpose. The court construes this argument as falling under the second tier of the test outlined in *Alegria*—abuse of the court's process. "An abuse of process is established only upon a showing of bad faith." *Alegria*, 2015 WL 4744487, at *2 (citing *Martin*, 811 F. Supp. at 620). CEHE asserts that the CID was issued for an improper purpose because the Bureau colluded with the COAG, the Bureau would not share information about alleged complaints that it had received concerning CEHE, and that the scope of the CID creates a "perjury trap" (ECF 16). The court does not find that these arguments show the requisite bad faith such that this court's enforcement of the CID would constitute an abuse of the court's process.

First, CEHE argues that the Bureau's interest in this CID is merely due to the COAG's previous litigation and thus issued in bad faith. Yet, any collusion between the Bureau and the COAG in order to take "a second bite at the apple" is speculative in nature. While the COAG received sanctions for violating a sealing order by providing records to the Bureau during its litigation against CEHE, any assumption about the Bureau's timing to issue this CID is theoretical. "Mere allegations are not enough to put the agency's good faith in issue." *Martin*, 811 F. Supp. at 624 (citing *E.E.O.C. v. Roadway Exp., Inc.*, 580 F. Supp. 1063, 1066 (W.D. Tenn. 1984)). Additionally, the CID was within the Bureau's authority to issue.

Moreover, CEHE argues that the Bureau's refusal to provide alleged complaints kept on a secret database calls into question the Bureau's actual purpose in issuing the CID. CEHE asserts that the Bureau has not offered any justification for why it will not reveal the nature of the alleged complaints. This evidence causes CEHE to be suspicious of the issuance of the Bureau's CID. The court also finds this argument unpersuasive. The Bureau may not have provided a justification for its decision not to disclose the alleged complaints, however, CEHE cites to no governing

authority that obligates the Bureau to share complaints that it receives. Absent such authority, CEHE's argument lacks merit. *See Martin*, 811 F. Supp. at 624 (rejecting the argument that an administrative subpoena must be issued with an accompanying explanation of why the statements are necessary).

CEHE's final concern is that the CID creates a "perjury trap" whereby the Bureau has issued the CID in bad faith to open CEHE up to contempt orders. CEHE emphasizes that its CEO will be required to be informed about a vast amount of information when deposed. CEHE's fears stem from the fact that the rights of a witness are somewhat limited during a CID deposition. *See* 12 C.F.R. § 1080.9. However, finding that the CID was issued in bad faith merely because of the Bureau's procedural rules when deposing a witness would invalidate every CID that the Bureau issues in the future. The court declines to do so. Moreover, CEHE's concern is significantly remedied by the court's narrowing of the scope of the CID hearing. Therefore, the court rejects this argument.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the Petition to Enforce Civil Investigative Demand (ECF 2) be GRANTED IN PART and DENIED IN PART. The undersigned recommends that the Petition be GRANTED as to information concerning CEHE's private-student-loan program and be DENIED as to information regarding any previous litigation in which CEHE has been a party since 2012. The undersigned further recommends that CEHE be ORDERED to submit to the Bureau's CID within 30 days.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 April 2022.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah